IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PAUL E. BRADLEY, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JP MORGAN CHASE BANK NATIONAL ) <br> ASSOCIATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:13-CV-180 (MTT) |

## ORDER

This matter is before the Court on Defendants JP Morgan Chase Bank ("JP Morgan"), as successor by merger to Chase Home Finance, and Mortgage Electronic Registration Systems' ("MERS") motion to dismiss (Doc. 4), and on Defendant McCalla Raymer's motion to dismiss (Doc. 7).[1]  For the following reasons, the Defendants' motions are **GRANTED** and the Plaintiffs' complaint is **DISMISSED**.[2]

---

[1] McCalla Raymer claims to have been improperly styled as "Promiss Solutions" in the complaint.

[2] Though neither of the Defendants' motions addresses the issue of subject matter jurisdiction, because the Plaintiffs' complaint is so poorly drafted, the Court has evaluated its jurisdiction over the matter and concluded it has jurisdiction pursuant to 28 U.S.C. § 1331.  The Plaintiffs have attempted to assert violations of their rights under at least one federal statute—the Fair Debt Collection Practices Act.  "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; *or* (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation and internal quotation marks omitted).  Furthermore, under the latter exception, "a complaint is wholly insubstantial and frivolous only when its unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Fountain v. Metro. Atlanta Rapid Transit Auth.*, 678 F.2d 1038, 1042 (11th Cir. 1982) (citation and internal quotation marks omitted).  Where there are pro se pleadings with allegations so sparse as to raise the question of whether a federal cause of action even exists, the preferred approach is to find that the claim is not so frivolous as to warrant dismissal for lack of federal

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

When a plaintiff is proceeding pro se, his pleadings may be held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, where there are dispositive issues of law, a court may dismiss a claim regardless of the

---

question jurisdiction but to dismiss for failure to state a claim under Rule 12(b)(6). *See Barnes v. City of Gray*, 2010 WL 797265 at *2 (M.D. Ga.); *see also McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1495 (11th Cir. 1990) ("Where the 'defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'") Therefore, the Court concludes it has subject matter jurisdiction and proceeds to evaluate the complaint under Rule 12(b)(6).

alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

Though the complaint is largely incomprehensible, it appears to relate to claims arising out of a residential mortgage transaction.[3]  The complaint refers to various federal and state statutes but fails to state exactly how the Plaintiffs are contending their rights have been violated beyond conclusory allegations, which are oftentimes nonsensical.  For example, the complaint contains the following allegations:

- "Respondents . . . made numerous misrepresentations and false statements."  (Doc. 1 at 2).

- "Petitioner's prayer for relief is that the Respondents violated {their} rights under the Fair Debt Collection Practices Act thereby entitling {them} to all appropriate relief provided for by statute . . . ."[4]  (Doc. 1 at 2).

- "Petitioners allege the foreclosure of their residence is wrong because Respondents continue to pursue foreclosure proceedings in spite of not properly responding to her requests to validate the debt and provide the information about the holder of the **NOTE**." (Doc. 1 ¶ 14).

---

[3] At no point in the complaint do the Plaintiffs actually state the location of the property in question.  However, the Plaintiffs' response to the Defendants' motions to dismiss clarifies the Plaintiffs' property is located at 1612 Stark Road, Jackson, Georgia.  (Doc. 13 ¶ 9).

[4] It is apparent this is a combination of form complaints with some inserted paragraphs, and as shown above, the Plaintiffs sometimes failed to complete the form.  About halfway through the complaint (Doc. 1 at 12), the Plaintiffs switch to a form this Court has seen before.  *See Curtis v. BAC Home Loans Servicing, LP*, No. 5:10-cv-226 (Doc. 1).

- "Respondent's refusal to provide the proper verification has been denied, replace with threats and/or harassments, embarrassment, and created an uncertain harm and violated her right to a lawful discovery." (Doc. 1 ¶ 38).

- "Respondents . . . failed to issue (loan) constitutional dollars in the transaction, issuing credit which was unconstitutional at best." (Doc. 1 ¶ 45).

- "Respondents . . . failed to disclose a material fact concerning the demanded deposit of the not [sic] pledge which caused the Petitioners to be the true lender in the transaction." (Doc. 1 ¶ 46).

- "The Respondents failed to such information under disclosure and is secret continues to collect on contracts which must be altered from its original conditions." (Doc. 1 ¶ 47).

Even taking the Plaintiffs' pro se status into account, the complaint lacks a proper legal foundation. While it is true that pro se plaintiffs are held to less stringent standards, the Court should not "serve as de facto counsel . . . or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998)). There are entire paragraphs quoting from cases and statutes without any factual assertions or any indication how the law cited relates to the Plaintiffs' allegations. (Doc. 1 ¶¶ 27-29, 31-33, 40). Most of the complaint consists of blanket allegations listing all the Defendants without specifying how any of the individual Defendants violated the Plaintiffs' rights.

As best the Court can tell, the Plaintiffs attempt to allege the Defendants wrongfully foreclosed on their property,[5] violated their rights under the Fair Debt Collection Practices Act, made "numerous misrepresentations and false statements" to the Plaintiffs, failed to produce the original note, "failed to issue (loan) in constitutional dollars," and violated their rights under the Truth in Lending Act.  However, the Plaintiffs simply do not allege any facts to support their allegations, nor do they articulate the legal theories or avenues of recovery they are pursuing in any intelligible manner.

The only real facts the Plaintiffs allege are they were never in default and the Defendants refused to properly verify the Plaintiffs' debt or the Defendants' ownership of the note and mortgage.[6]  Even assuming these facts are true, as the Court must on a motion to dismiss, the Plaintiffs have failed to show how this entitles them to relief.  As discussed above, it is unclear what the Plaintiffs are contending happened to their property or exactly how the Defendants are responsible.

The Plaintiffs' response to the Defendants' motions further states:

> MERS never executed an "Assignment of Deed to secure debt" which purported to assign the right, title and interest to the Plaintiffs' Security Deed.  There was no language evidencing the assignment, grant, sale, transfer or conveyance in any way, of the Promissory Note which that Security Deed was merely an incident to.

---

[5] At the beginning of the complaint, the Plaintiffs allege the Defendants attempted to foreclose on their property, later allege that the Defendants conducted the foreclosure proceedings below true market value and engaged in unlawful foreclosure and eviction proceedings, and then request that "Respondent(s) . . . be permanently enjoined from conducting a Sale Under Power of Petitioners [sic] real property . . ." (Doc. 1 ¶¶ 13, 48-9, 57(e)).  Thus, it is not even clear whether the Plaintiffs are claiming a foreclosure sale has taken place.

[6] All other "facts" contained in the complaint are really unsubstantiated legal conclusions.

(Doc. 13 ¶ 5).  However, an exhibit attached to the complaint shows this is not true.  The Plaintiffs' Exhibit H is a copy of the assignment of the security deed from MERS to Chase Home Financing with a stamp showing it was filed in Butts County on October 27, 2010 in Book 667, page 473.  (Doc. 1-8).  Additionally, the Plaintiffs' claim that the promissory note was not transferred with the security deed is inapposite.  The Georgia Supreme Court has recently held that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 74, 743 S.E.2d 428 (2013).

Though the Plaintiffs' 37 page response to the Defendants' motions states additional facts that help clarify some of the basic background information lacking in the complaint, it fails to cure any of the above-mentioned defects and instead contains more conclusory allegations with no factual basis.  (Doc. 13).  The Plaintiffs also attempt to add additional claims, including forgery, RICO violations, and due process violations.  Even if the Court were to construe their response as a motion to amend their complaint, these new allegations would also fail to state a claim because the Plaintiffs do not plead sufficient facts to show they are entitled to relief under any of these new theories.

The Plaintiffs have failed to put the Defendants on fair notice of what their claims are or on what grounds they rest.   As such, the Court concludes that the Plaintiffs have not met the pleading requirements of Rule 8 and have failed to state a claim upon which relief may granted.  Consequently, the Defendants' motions to dismiss are **GRANTED** and the case is **DISMISSED without prejudice**.

**SO ORDERED**, this 18th day of September, 2013.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
