IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PAUL E. BRADLEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-180 (MTT) |
| ) | |
| JP MORGAN CHASE BANK NATIONAL ) ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court on the Plaintiffs' motion for Rule 60 relief from judgment. (Doc. 24). The Court granted the Defendants' motion to dismiss on September 18, 2013, and judgment was entered in favor of the Defendants on September 20, 2013. (Docs. 22, 23). For the following reasons, the Plaintiffs' motion is **DENIED**.

The Plaintiffs seek relief from this Court's Order pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(4), which state, "[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or] (4) the judgment is void." "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation and internal quotation marks omitted).

Though the Plaintiffs cite Rule 60(b)(3) as a ground for relief, they do not allege any fraudulent conduct on the part of the Defendants.  Therefore, the Plaintiffs have failed to meet their burden.  See *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) ("Rule 60(b)(3) allows a court to grant relief from a final judgment if the moving party proves by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct.").

For their Rule 60(b)(4) ground for relief, the Plaintiffs appear to allege their due process rights were violated when this Court dismissed their Complaint without prejudice for failing to comply with the pleading standards in Fed. R. Civ. P. 8(a)(2). Apparently the Plaintiffs also believe the Court's dismissal of their Complaint violated their right to a jury trial pursuant to the Seventh Amendment.  However, "[t]he district court's compliance with and reliance upon the Federal Rules of Civil Procedure does not violate . . . any litigant's constitutional rights." *McWeay v. Citibank, N.A.*, 521 F. App'x 784, 789 (11th Cir. 2013) (citing *Garvie v. City of Ft. Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004) (holding dismissal pursuant to Fed. R. Civ. P. 56 did not violate the Seventh Amendment)).  Though pro se pleadings are held to a less stringent standard than those drafted by attorneys, pro se plaintiffs must still comply the Federal Rules of Civil Procedure.  See *Cooper v. Cmty. Haven for Adults & Children with Disabilities*, 2013 WL 24240 at *3 (M.D. Fla.); *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008).

Because the Plaintiffs have not alleged a basis entitling them to relief from the Court's previous Order, their motion is **DENIED**.

**SO ORDERED**, this the 12th day of November, 2013.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT